## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE $HAWK TOKEN SECURITIES LITIGATION | **Case No.: 1:24-cv-08650-AMD-JRC** |
| This Document Relates To:  ALL ACTIONS | **CLASS ACTION** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE AND EXTENSION OF TIME

# TABLE OF CONTENTS

**I. INTRODUCTION**.................................................................................................................3

**II. FACTUAL AND PROCEDURAL BACKGROUND**............................................................4

**III. PLAINTIFFS' ATTEMPTS TO SERVE DEFENDANTS**..................................................5

    A. Service Through Hague Convention – Returned as Unsuccessful......................................5

        1. Clinton So...................................................................................................................5

        2. overHere Limited.......................................................................................................6

**IV. PROPOSED ALTERNATIVE SERVICE METHODS**........................................................6

**V. ARGUMENT**.........................................................................................................................7

    A. Alternative Service Is Permitted by Fed. R. Civ. P. 4(e)(1)..................................................7

    B. Plaintiffs Should Be Permitted an Extension of Time to Serve............................................8

    C. Plaintiffs' Proposed Alternative Method of Service Satisfies Due Process.........................8

**VI. CONCLUSION**.....................................................................................................................9

## I. INTRODUCTION

Plaintiff Alexander Escobar, individually and on behalf of all others similarly situated, brings the present action against Defendants for the sale of unregistered securities, in violation of Sections 5 and 12(a)(1) of the Securities Act. At the center of this scheme are corporate and individual defendants, including Alex Larson Schultz, overHere Limited, Clinton So and Tuah the Moon Foundation.[1]

This class action arises from the unlawful promotion and sale of the Hawk Tuah memecoin, known as the "$HAWK" token (the "Token" or "$HAWK"), which Defendants offered and sold to the public without proper registration while making repeated false promises and misrepresentations about the $HAWK token's utilities and prospects for growth, aimed at extracting millions of dollars from investors who relied on Defendants' misrepresentations.

Plaintiffs assert claims under Section 12(a)(1) of the Securities Act, 15 U.S.C. § 77l(a)(1).[2] Plaintiff, by and through undersigned counsel, respectfully submit this Memorandum of Law in Support of his Motion for an Order authorizing alternative service of process on Defendants Clinton So and overHere Limited, pursuant to Fed. R. Civ. P. 4(e)(1) and this Court's inherent authority.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On October 27, 2025, Magistrate Judge Cho entered an order consolidating this action with the related action, *Mena v. Schultz, et al.*, 24-cv-08695 (ERK) (CLP) (E.D.N.Y.), under the

---

[1] Contemporaneously with the filing of the instant motion, Plaintiffs have also filed a motion for leave to file an amended complaint, pursuant to Fed. R. Civ. P. 15(a)(2), which among other things, adds additional defendants, including: Benjamin Chow, Meteora, Dynamic Labs Limited, Memetic Labs, Solana Sweeper, Johnnie Forster, 16 Minutes, LLC and Haliey Welch.

[2] Plaintiffs' proposed amended complaint asserts additional causes of action against Defendants, including claims for fraud, violation of state consumer protection statutes, breach of contract and unjust enrichment.

caption In re $HAWK Token Securities Litigation. The consolidation order designates 1:24-cv-08650-AMD-JRC as the master file for all filings.

This consolidated class action concerns the fraudulent launch, promotion, and distribution of the $HAWK token. Defendants Clinton So and overHere Limited were integral to the scheme: overHere served as a *Web3 "launchpad"* for the token and actively promoted the project, while So—its founder and controller—publicly promoted $HAWK, including during a December 5, 2024 Twitter Space in which he described token holders as "decentralized shareholders," and admitted that lawyers recommended using an offshore structure to avoid U.S. securities regulation.

Plaintiffs allege that Defendants So and overHere Limited participated in an unregistered securities offering. Despite Plaintiffs' diligent efforts to effect service through traditional Hague Convention channels, the Hong Kong Central Authority has twice returned service packets with formal certificates of non-service for both Defendants. *See* Certificates and Affirmations of Non-Service regarding Clinton So and overHere Limited, attached as Exhibist A and B respectively.

These returns—coupled with evidence that Defendants So and overHere Limited maintain diffuse team structures and do not meaningfully operate from the Hong Kong corporate addresses listed in public registries—confirm that further attempts through the Hague Convention are futile.

## III. PLAINTIFFS' ATTEMPTS TO SERVE DEFENDANTS

### A. Service Through Hague Convention – Returned as Unsuccessful

Pursuant to Fed. R. Civ. P. 4(f)(1), Plaintiffs submitted service packets to the Hong Kong Central Authority. These packets included summonses, complaints and supporting documents.

4

### 1. Clinton So

The Hong Kong Bailiff's Assistant filed two sworn Affirmations of Non-Service on July 23, 2025, confirming that Defendant So could not be located at the listed address and that the premises were occupied solely by a company called ESO Partners CPA Limited. *See* Exhibit A, pages 3–5, 9–11.

Notably:

- So was not present at the address on two separate dates when service was attempted;
- Staff confirmed that ESO Partners CPA Limited occupied the location exclusively;
- The process server left messages, and Defendant So never responded.

### 2. overHere Limited

The Hong Kong Authority also issued sworn Affirmations of Non-Service dated July 11, 2025, confirming that overHere Limited could not be found at the registered address. *See* Exhibit B, pages 3–7 of the overHere Limited Service Exhibits.

The server reported:

- The address was occupied solely by ESO Partners CPA Limited;
- overHere Limited did not appear on any building directory;
- Personnel had never heard of overHere Limited;
- No alternative address could be identified.

These findings strongly indicate that Defendants do not maintain any meaningful presence at the publicly registered Hong Kong addresses.

## IV. PROPOSED ALTERNATIVE SERVICE METHODS

Plaintiffs therefore request leave to serve Defendants So and overHere Limited by methods reasonably calculated to apprise them of this action, including:

1. Email to verified email addresses associated with So and overHere;

2. Direct message via X.com to overHere's active X account; and

3. Federal Express international courier to the Hong Kong business-registration address notwithstanding previous non-service (as supplemental notice, not primary service).

These methods have been repeatedly approved in this Circuit—especially for foreign defendants in digital-asset matters—and are necessary to avoid prejudice to the putative class.

## V. ARGUMENT

Plaintiffs have repeatedly attempted to locate Defendants So and overHere Limited, to perfect the traditional methods of service for foreign Defendants, pursuant to the provisions of the Hague Convention. These attempts have not been successful, and good cause exists to permit service on these defendants by an alternative method reasonably calculated to provide them with notice of the claims.

As detailed in the accompanying Declaration of Max Burwick, Plaintiffs have undertaken diligent efforts to effect service, including attempts by registered process server to locate Defendants and personally serve them at residences and business locations where the Defendants are listed on current property records. Plaintiffs respectfully request an extension of time to effect service in light of the involvement of multiple foreign defendants, and evidence suggesting that certain defendants are actively evading service.

### A. Alternative Service Is Permitted by Fed. R. Civ. P. 4(e)(1)

Fed. R. Civ. P. 4(e)(1) allows service on an individual by "following state law" for serving a summons where the district court is located. CPLR § 308(5) provides that "[i]f service is impracticable under" the usual methods (personal delivery, leave-and-mail, nail-and-mail, etc.), the court may direct "such manner" of service as it deems proper. "Impracticable" does not mean impossible, just that a plaintiff has made genuine efforts and personal service is unlikely to succeed. *See Freeman v. Giuliani*, No. 24-CV-06563 (LJL), 2024

WL 5054913, at *2 (S.D.N.Y. Dec. 10, 2024) (holding that impracticability does not require satisfying due diligence or even showing that actual prior attempts to serve a party under each and every method provided in the statute have been undertaken.) *See also Europgold Ltd. v. Silver N Gold Wholesale*, LLC, No. 1:24-CV-07297 (JLR), 2025 WL 1898949, at *2 (S.D.N.Y. July 9, 2025) (The impracticability standard under CPLR 308(5) is met where personal service at a known address is unlikely to succeed despite reasonable efforts).

## B. Plaintiffs Should Be Permitted an Extension of Time to Serve

Rule 4(m) of the Federal Rules of Civil Procedure requires service within 90 days but allows courts to extend the period for good cause, and even without good cause, in their discretion. Courts consider factors such as diligence, actual notice to the defendant, potential prejudice, and the statute of limitations. *Buon v. Spindler*, 65 F.4th 64, 70 (2d Cir. 2023). *Patel v. Clane Gessel Studio*, No. 22CIV10964GHWRFT, 2023 WL 8280498, at *2 (S.D.N.Y. Nov. 30, 2023) *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010). *See also Breuer v. Castaneda*, No. 15-CV-9042 (JPO), 2016 WL 11483932, at *3 (S.D.N.Y. Apr. 19, 2016) (granting leave to serve via email and delivery to relatives at an associated address after multiple failed personal service attempts at a known residence.)

## C. Plaintiffs' Proposed Alternative Method of Service Satisfies Due Process

Alternative service methods must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 344 (E.D.N.Y. 2021) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Courts in this Circuit have repeatedly found that service by email satisfies due process in situations such as described above. *See, e.g.*, *Europgold Ltd.*, 2025 WL 1898949, at *2 (authorizing service by

email); *Freeman*, 2024 WL 5054913, at *2 (citing multiple opinions from this District that have authorized alternative service by email as well as via certified mail to known addresses); *Meghji v. Wallet Owner (In re Celsius Network LLC)*, 666 B.R. 28, 34 (Bankr. S.D.N.Y. 2024) ("Courts have found that service by email satisfies due process when the movant has supplied some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address."); *Breuer v. Castaneda*, No. 15-CV-9042 (JPO), 2016 WL 11483932, at *2 (S.D.N.Y. Apr. 19, 2016) (authorizing service by email).

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion and enter the proposed order: (1) authorizing alternative service on Defendants So and overHere Limited, the two Defendants who have not yet been served, via: Defendants So and overHere Limited's email accounts, direct message to Defendant overHere Limited's X account and Federal Express International Service; (2) extending the time to complete service on Defendants So and overHere Limited; and (3) providing such other relief as the Court deems just and proper.

Dated: November 17, 2025
New York, New York

Respectfully submitted,

**BURWICK LAW, PLLC**

*/s/ Luis Munoz*
Luis Munoz Esq.
Max Burwick, Esq. (*Pro Hac Vice* Anticipated)
1 World Trade Center, 84th Fl.
New York, NY 10007
(646) 762-1080
luis@burwick.law
max@burwick.law

*Counsel for Plaintiffs*

## WORD COUNT CERTIFICATION

I certify that the foregoing memorandum of law contains 1,695 words, as determined by the word-count function of Microsoft Word, excluding the caption, table of contents, table of authorities, and signature blocks.

*/s/ Luis Munoz*
Luis Munoz