UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE $HAWK TOKEN<br>SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | **Case No.: 1:24-cv-08650-AMD-JRC**<br><br>**CLASS ACTION** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT............................................................................................ 4
II. BACKGROUND.................................................................................................................. 5
   A. Procedural History and Consolidation........................................................................... 5
   B. Confidential Informant Revelations............................................................................... 6
   C. Subsequent Blockchain Analysis................................................................................... 6
   D. Scope of the Proposed Amendment............................................................................... 7
III. ARGUMENT...................................................................................................................... 8
   A. Leave to Amend Is Warranted Under Rule 15(a)(2)'s Liberal Standard........................ 8
      1. No Undue Delay or Bad Faith.................................................................................... 9
      2. No Undue Prejudice to Defendants...........................................................................10
      3. The Amendment Is Not Futile................................................................................... 11
      4. Judicial Economy Favors Amendment..................................................................... 11
   B. The Balance of Factors Strongly Favors Amendment.................................................. 12
IV. CONCLUSION AND PRAYER FOR RELIEF................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Aetna Casualty & Surety Co. v. Aniero Concrete Co.*,

    404 F.3d 566 (2d Cir. 2005)……………………………………………………….....9

*Foman v. Davis*,

    371 U.S. 178 (1962)……………………………………………………………….8

*Francisco v. Abengoa, S.A.*,

    559 F.Supp.3d 286 (2021)……………………………………………………….9

*Kleeberg v. Eber*,

    331 F.R.D. 302 (2019)…………………………………………………………..9

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,

    797 F.3d 160 (2d Cir. 2015)……………………………………………………. 9, 12

*Milanese v. Rust-Oleum Corp.*,

    244 F.3d 104 (2d Cir. 2001)……………………………………………………. 11

*Oneida Indian Nation of New York State v. County of Oneida, N.Y.*,

    199 F.R.D. 61 (2000)……………………………………………………………10

*Woodward v. N.Y. Health & Hospitals, Corp.*,

    554 F.Supp.2d 329, 351 (E.D.N.Y. 2008)………………………………………10

Statutes

Fed. R. Civ. P. 12(b)(6)…………………………………………………………..11

Fed. R. Civ. P. 15(a)(2)………………………………………………………..*passim*

Fed. R. Civ. P. 15(a)(3)…………………………………………………………..13

## I. PRELIMINARY STATEMENT

Plaintiffs respectfully move under Fed. R. Civ. P. 15(a)(2) for leave to file a First Amended Class Action Complaint ("Amended Complaint"). The request is driven by newly obtained evidence from a confidential informant who has come forward with critical information about the $HAWK token scheme, revealing a far more extensive and coordinated fraud than initially understood. This new evidence necessitates expanding the claims beyond the single Section 12(a)(1) securities violation to include common law fraud, violations of New York General Business Law §§ 349 and 350, breach of contract, and unjust enrichment, as well as adding essential defendants who played central roles in the scheme.

The proposed Amended Complaint presents a comprehensive account of a sophisticated pump-and-dump operation that weaponized celebrity influence through coordinated technical manipulation. A confidential informant with direct access to the scheme's inner workings has provided relevant documentary evidence and the investigation of Plaintiff's counsel has uncovered internal communications demonstrating coordination among Defendants. Similarly, blockchain forensics links the $HAWK fraud to a pattern of identical schemes including $LIBRA, $M3M3, and $AIAI tokens.

The evidentiary foundation has strengthened materially since the initial Complaint. The confidential informant's revelations include contractual documents proving that no utilities were ever intended to be built, technical evidence of coordinated market manipulation through pre-funded "sniper" wallets, and admissions that the offshore structure was designed to evade securities laws. Blockchain analysis has further uncovered wallet clusters connecting $HAWK to prior frauds, with the same funding sources and extraction patterns repeated across multiple schemes.

The amendment adds seven defendants whose roles are now clear through the new evidence: Defendants Benjamin Chow and Meteora, who provided the technical infrastructure and false safety features; Dynamic Labs Limited (DLL), which profited from platform fees; Johnnie Forster and 16 Minutes LLC, who managed Welch's participation; Haliey Welch herself, who received substantial compensation for promotion; and Solana Sweeper, who co-orchestrated the scheme through Memetic Labs and Larson Schultz.

This case remains in its early stages, with the consolidation order having been entered on October 27, 2025 (ECF No. 29). No responsive pleadings have been filed, and discovery has not commenced. The amendment will streamline the litigation by presenting all claims and parties in a single, comprehensive pleading. There is no undue delay, bad faith, prejudice, or futility. Because the amendment is warranted under Rule 15(a)(2)'s liberal standard, the motion should be granted.

## II. BACKGROUND

### A. Procedural History and Consolidation

On October 27, 2025, this Court entered an Order consolidating the related actions *Albouni v. Schultz, et al.*, No. 1:24-cv-08650-AMD-JRC, and *Mena v. Schultz, et al.*, No. 1:24-cv-08695-ERK-CLP, under the caption *In Re $HAWK Token Securities Litigation* (ECF No. 29). The consolidation order established Case No. 1:24-cv-08650 as the master file and provided that all securities class actions on behalf of $HAWK Token purchasers subsequently filed or transferred to this District shall be consolidated into this action.

Following consolidation, Plaintiffs have been working to prepare a unified complaint that would supersede the individual complaints in the consolidated actions. During this process,

5

critical new evidence emerged that fundamentally altered the understanding of the scheme's scope and participants.

**B. Confidential Informant Revelations**

The most significant development prompting this amendment is the emergence of a confidential informant with direct knowledge of the $HAWK token scheme. This individual, who had access to internal communications and documents, contacted Plaintiffs' counsel in mid-November 2025 with evidence that dramatically expands the factual basis for this litigation. The confidential informant provided several categories of crucial evidence:

**1. Internal Communications**: The informant provided chat logs, emails, and planning documents showing coordination among Defendants. These materials reveal explicit discussions about market manipulation timing, admissions about the lack of actual utility development, and acknowledgment that the offshore structure was designed to evade U.S. securities laws.

**2. Technical Documentation**: The informant supplied evidence of the pre-planned extraction mechanism, and Plaintiff counsel's investigation has also revealed specifications for the "sniper" wallet operations and documentation of the false "permanently locked" liquidity claims.

**C. Subsequent Blockchain Analysis**

Following the confidential informant's revelations, Plaintiffs engaged blockchain forensics experts who uncovered additional evidence connecting the $HAWK fraud to a broader pattern of schemes:

**1. Wallet Cluster Analysis**: Forensic tracing revealed that the wallets funding the $HAWK "sniper" operation had participated in identical schemes including $LIBRA, $M3M3, and $AIAI tokens. Specifically, "Sniper Funding Wallet 4" contributed $310,000 to HAWK and

funded the LIBRA scam, while "Wallet 6" contributed $200,000 and was tied to M3M3 and AIAI frauds.

**2. Platform Pattern Evidence**: Analysis showed that all schemes occurred on the Meteora platform under CEO Benjamin Chow's oversight, with identical technical signatures: false "permanently locked" liquidity badges, coordinated withdrawal within minutes of launch, and systematic extraction patterns.

**3. Money Flow Documentation**: The tracing revealed sophisticated laundering through mixing services and offshore exchanges, with proceeds from earlier frauds funding subsequent schemes.

**D. Scope of the Proposed Amendment**

The Amended Complaint expands the litigation in several critical ways:

1. **Additional Claims**: Beyond the original Section 12(a)(1) securities claim, the amendment adds:

- Common Law Fraud (based on material misrepresentations about utilities, liquidity, and distribution)
- NY GBL § 349 (deceptive consumer-oriented conduct targeting retail investors)
- NY GBL § 350 (false advertising across social media and platforms)
- Breach of Contract (failure to deliver promised features and protections)
- Unjust Enrichment (retention of millions extracted through fraud)

2. **Additional Defendants**: The new evidence identifies eight additional essential participants:

- **Benjamin Chow**: CEO of Meteora who facilitated the fraud through false platform safety features;

- **Meteora**: The unincorporated association operating the platform that enabled the scheme;
- **Dynamic Labs Limited (DLL)**: BVI entity that profited from platform fees;
- **Johnnie Forster**: Manager of 16 Minutes who orchestrated Welch's participation;
- **16 Minutes LLC**: Welch's entity through which payments flowed;
- **Haliey Welch**: Celebrity who was entitled $325,000 for promotional activities; and
- **Solana Sweeper**: Co-owner of Memetic Labs who orchestrated marketing and technical aspects of the Token scheme.
- **Memetic Labs LLC** ("Memetic Labs") provided comprehensive services including advisory consulting, launchpad services, marketing, content creation, and partnership arrangements for the $HAWK Token.

**3. Enhanced Factual Detail**: The amendment provides granular evidence including:

- Specific contractual provisions proving fraudulent intent
- Blockchain transaction hashes and wallet addresses
- Internal communications demonstrating coordination
- Technical analysis of the extraction mechanism
- Pattern evidence connecting multiple frauds

## III. ARGUMENT

### A. Leave to Amend Is Warranted Under Rule 15(a)(2)'s Liberal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that courts should "freely give leave when justice so requires." The Supreme Court has instructed that leave should be granted absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182

(1962) (holding that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits"). The Second Circuit has emphasized that Rule 15's liberal standard is "consistent with [the] strong preference for resolving disputes on the merits." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015).

The Second Circuit has held that a Rule 15(a) motion "should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Aetna Casualty & Surety Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603 (2d Cir. 2005).

Here, every factor weighs decisively in favor of granting leave to amend.

**1. No Undue Delay or Bad Faith**

Plaintiffs have proceeded with exceptional diligence. The confidential informant only came forward in mid-November 2025, after the consolidation order was entered. Upon receiving this new evidence, Plaintiffs immediately began analyzing the materials, engaged forensic experts for blockchain analysis, and prepared this comprehensive amendment. This motion is being filed at the earliest practicable opportunity after obtaining and verifying the new evidence. *See e.g. Kleeberg v. Eber,* 331 F.R.D. 302 (2019) (where the court found that plaintiffs acted with sufficient diligence by seeking an amendment within three months of learning new facts during discovery); *See also Francisco v. Abengoa*, S.A., 559 F.Supp.3d 286 (2021) (where the court rejected arguments of undue delay).

There is no indication of bad faith or dilatory motive. Plaintiffs are not seeking to harass defendants or delay proceedings. Rather, they seek to present the Court with the complete picture

9

of a fraud that is far more extensive than initially understood. The timing of this amendment—before any responsive pleadings and before discovery commences—demonstrates good faith and efficiency.

**2. No Undue Prejudice to Defendants**

The proposed amendment will not prejudice defendants. The case remains at its inception, with no responsive pleadings filed and no discovery undertaken. Defendants will have full opportunity to respond to the Amended Complaint through motions or answers. *See Woodward v. N.Y. Health & Hospitals, Corp.*, 554 F.Supp.2d 329, 351 (E.D.N.Y. 2008) (stating that delay and expenditure of additional resources are important factors to a prejudice inquiry). *See also Oneida Indian Nation of New York State v. County of Oneida, N.Y.*, 199 F.R.D. 61, 77 (2000) (prejudice is low when there is "nothing to reopen or relitigate").

Moreover, the new allegations concern defendants' own conduct—their contracts, communications, and coordinated actions. As detailed in the proposed Amended Complaint, the July 18, 2024 agreement was executed by defendants Memetic Labs and 16 Minutes; the technical manipulation was orchestrated by defendants through wallets they controlled; and the false representations were made by defendants across their platforms. Defendants cannot claim prejudice from having to defend against their own documented actions.

The addition of new defendants likewise causes no prejudice. Each new defendant was integrally involved in the scheme: Chow operated Meteora and facilitated the fraud; Forster managed Welch's participation; Welch received substantial compensation for promotion; and Sweeper co-owned Memetic Labs, which provided comprehensive marketing and technical services that facilitated the fraud scheme. comprehensive. These parties have been aware of this litigation since its inception and their addition ensures complete adjudication of the controversy.

10

### 3. The Amendment Is Not Futile

"[L]eave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001). The proposed amendments substantially strengthen the claims with concrete evidence that raises to the level of plausibility and provides the requisite level of particularity, as to survive a 12(b)(6) motion to dismiss.

The confidential informant's documents provide the "smoking gun" evidence of fraudulent intent—a contract proving no utilities were ever planned despite public promises. The blockchain forensics supply mathematical proof of market manipulation through coordinated wallet operations. The internal communications demonstrate defendants knew they were violating securities laws and engaging in fraudulent conduct.

Each new cause of action is supported by specific factual allegations:

- **Fraud**: Material misrepresentations about utilities, liquidity, and distribution, made with knowledge of falsity
- **NY GBL § 349**: Consumer-oriented deceptive practices targeting retail investors
- **NY GBL § 350**: False advertising across multiple platforms
- **Breach of Contract**: Failure to deliver promised features and protections
- **Unjust Enrichment**: Retention of millions in fraudulent proceeds

These are not speculative claims but well-pleaded allegations supported by documentary evidence and forensic analysis.

### 4. Judicial Economy Favors Amendment

Allowing this amendment serves the judicial economy by consolidating all related claims and parties in a single proceeding. Without amendment, the new evidence might spawn separate

lawsuits, creating duplicative litigation and inconsistent results. The amendment ensures comprehensive resolution of the entire fraudulent scheme in one forum.

Furthermore, proceeding with the Amended Complaint will avoid piecemeal litigation. Rather than having defendants file responsive pleadings to an incomplete complaint, only to face subsequent amendments as more evidence emerges, the Court and parties can proceed on a comprehensive pleading that captures the full scope of the fraud.

**B. The Balance of Factors Strongly Favors Amendment**

When weighing all relevant factors, the scales tip overwhelmingly toward granting leave:

- **Timing**: The case is at its earliest stage, before responsive pleadings or discovery
- **Diligence**: Plaintiffs moved promptly upon obtaining new evidence
- **Materiality**: The new evidence fundamentally changes the case's scope
- **Prejudice**: No party suffers unfair prejudice from amendment
- **Efficiency**: Amendment avoids duplicative proceedings
- **Justice**: The complete fraud should be adjudicated with all parties before the Court

The Second Circuit has repeatedly emphasized that "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Loreley Fin.*, 797 F.3d at 190. Here, justice plainly requires allowing the amendment to ensure that the full extent of defendants' fraudulent scheme is properly adjudicated.

**IV. CONCLUSION AND PRAYER FOR RELIEF**

For the foregoing reasons, Plaintiffs have demonstrated that leave to amend is warranted under Rule 15(a)(2)'s liberal standard. The emergence of a confidential informant with documentary evidence has revealed a broader and more coordinated fraud than initially

understood. The proposed amendments add well-pleaded claims supported by concrete evidence, include necessary parties, and ensure complete adjudication of the controversy.

None of the factors that might justify denying leave—undue delay, bad faith, prejudice, or futility—are present. To the contrary, every consideration weighs in favor of granting the motion. The case remains at its inception, plaintiffs have proceeded diligently, and the amendments serve the interests of justice and judicial economy.

WHEREFORE, Plaintiffs respectfully request that the Court:

1. Grant Plaintiffs' motion for leave to file the proposed First Amended Class Action Complaint;

2. Direct Plaintiffs to file the First Amended Class Action Complaint within three (3) business days of the Court's order;

3. Set a schedule for Defendants to respond to the First Amended Class Action Complaint pursuant to Fed. R. Civ. P. 15(a)(3); and

4. Grant such other and further relief as the Court deems just and proper.

Dated: November 17, 2025
New York, New York

Respectfully submitted,

**BURWICK LAW, PLLC**

*/s/ Luis Munoz*
Luis Munoz
Max Burwick (*Pro Hac Vice* Anticipated)
1 World Trade Center, 84th Fl.
New York, NY 10007
(646) 762-1080
luis@burwick.law
max@burwick.law

*Counsel for Plaintiffs*

**WORD COUNT CERTIFICATION**

I certify that the foregoing memorandum of law contains 2,345 words, as determined by the word-count function of Microsoft Word, excluding the caption, table of contents, table of authorities, and signature blocks.

*/s/ Luis Munoz*
Luis Munoz
