```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
IN RE $HAWK TOKEN                                  :
SECURITIES LITIGATION,                             :
                                                   :
                                                   :   MEMORANDUM AND ORDER
                                                   :
------------------------------------------------------------:   No. 24-CV-8650-AMD-JRC
This Document Relates To:                          :
ALL ACTIONS                                        :
                                                   :
------------------------------------------------------------ x
```

JAMES R. CHO, United States Magistrate Judge:

On December 19, 2024, plaintiffs commenced this securities class action on behalf of $Hawk Token purchasers against defendants, in connection with the alleged unlawful promotion and sale of the Hawk Tuah cryptocurrency memecoin. On November 17, 2025, plaintiffs moved for (1) leave to serve process by alternative means on defendants Clinton So ("So") and overHere Limited ("overHere"), pursuant to "Fed. R. Civ. P. 4(e)(1)" and (2) an extension of time to serve, pursuant to Rule 4(m). *See* Dkts. 29-31 in No. 24-cv-8650. For the following reasons, the Court denies without prejudice plaintiffs' motion for leave to effect service by alternative means and grants plaintiff's motion for an extension of time to serve.

## Background

On December 19, 2024, plaintiffs filed the *Albouni* action, *Albouni v. Schultz*, No. 24-cv-8650. The next day, December 20, 2024, plaintiff Carlos Rodriguez Mena filed the related *Mena* action, *Mena v. Schultz*, No. 24-cv-8695.

Both actions were brought on behalf of purchasers of the Hawk Tuah memecoin, known as the "$HAWK" token (the "$HAWK Token"). Both complaints alleged, among other things, that (a) the $HAWK Tokens are investment contracts and securities, as defined by Section 2(a)(1) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77b(a)(1); (b) that a U.S.

Securities and Exchange Commission ("SEC") registration statement was required but never filed for $HAWK Tokens; and (c) that the defendants were "statutory sellers" of the $HAWK Tokens and violated Sections 5 and 12(a)(1).

On October 27, 2025, this Court granted plaintiffs' motion to consolidate the *Albouni* and *Mena* actions under the caption, *In re $Hawk Token Securities Litigation*, No. 24-cv-8650. *See* Order, Dkt. 26 in No. 24-cv-8650; Dkt. 29 in No. 24-cv-8695.

On December 17, 2025, this Court granted plaintiffs' unopposed motion for leave to file an Amended Complaint. *See* Order dated Dec. 17, 2025; Am. Compl., Dkt. 37 in No. 24-cv-8650.

Plaintiffs allege that defendants Clinton So and overHere Limited participated in a scheme to fraudulently launch, promote and distribute the $Hawk token. Am. Compl. ¶¶ 1-4. According to plaintiffs, overHere Limited, a Hong Kong company, served as a Web3 "launchpad" for the token and actively promoted the project. *Id*. ¶ 22; Decl. of Max Burwick ("Burwick Decl.") ¶ 6, Dkt. 31 in No. 24-cv-8650. Defendant So, the founder and controller of overHere Limited, publicly promoted $Hawk, including during a December 2024 Twitter Space in which he described token holders as "decentralized shareholders," and admitted that lawyers recommended using an offshore structure to avoid U.S. securities regulation. Am. Compl. ¶ 23.

Defendant So is a resident of Hong Kong. *Id.*; Burwick Decl. ¶ 6. Plaintiffs twice attempted to effect service on defendants So and overHere through the Hong Kong Central Authority, but were unsuccessful. Burwick Decl. ¶¶ 8-10, 12-13. On July 9, 2025, a "Bailiff's Assistant" to the High Court of Hong Kong attempted to serve defendants So and overHere at the registered address for overHere in Hong Kong. *Id.* ¶¶ 8-9, 12-13; Affirmation of Non-service ¶ 2, Dkt. 31-1. The process server found that the premises were occupied by a different company,

2

ESO Partners CPA Limited. *Id*. ¶ 3. Upon inquiry, the process server was told that Mr. So "was not in." *Id*. On July 16, 2025, the process server returned to the premises and was again told that Mr. So "was not in." *Id*. ¶ 4.

By the instant motion, plaintiffs request leave to serve defendants So and overHere Limited via: (1) "[e]mail to verified email addresses associated with So and overHere;" (2) direct message via X.com to overHere's X account; and (3) Federal Express international courier to the Hong Kong business-registration address, at which plaintiffs previously attempted to effect service. Mem. of Law in Support of Pls.' Mot. For Alternative Service ("Pl. Mem.") at 5-6, Dkt. 30 in No. 24-cv-8650.

## Discussion

### I. Motion for Alternative Service

#### A. Legal Standard

As an initial matter, plaintiffs' reliance on Rule 4(e) of the Federal Rules of Civil Procedure and section 308(5) of the New York Civil Procedure Law and Rules ("CPLR") is misplaced since Rule 4(e), and section 308 by incorporation, govern only service within the United States. *See* Fed. R. Civ. P. 4(e); *In re Celsius Network LLC*, 666 B.R. 28, 33-34 (Bankr. S.D.N.Y. 2024).

Rather, Rule 4(f) provides for service on individuals and corporations outside the United States by any one of the following methods:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

3

>(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
>(B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
>(C) unless prohibited by the foreign country's law, by: (i) delivering a copy of the summons and of the complaint to the individual personally; or (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
>(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f); *see* Fed. R. Civ. P. 4(h) (providing that service of process on foreign corporations may be made using the same methods outlined in 4(f)); *Smart Study Co., Ltd v. Shenzhenshixindajixieyouxiangongsi*, No. 24-313, 2025 WL 3672740, at *2 (2d Cir. Dec. 18, 2025); *Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 340-41 (E.D.N.Y. 2021). Whether to authorize alternative service pursuant to Rule 4(f)(3) is within the Court's discretion. *See Grp. One*, 523 F. Supp. 3d at 342. Under Rule 4(f)(3), a court may fashion means of service as long as the ordered means of service "(1) is not prohibited by international agreement; [and] (2) comports with constitutional notions of due process." *Id*. (internal quotation marks and citation omitted); *Agrana Fruit US, Inc. v. Ingredientrade Inc.*, No. 23-CV-10147, 2024 WL 773643, at *2 (S.D.N.Y. Feb. 26, 2024).

Assuming, *arguendo*, that the requested service methods are not prohibited by international agreement,[1] the Court must determine whether plaintiffs' proposed methods of

---

[1] Hong Kong is a signatory to the Hague Convention. "[I]n cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Walter Splash, Inc. v. Menon*, 581 U.S. 271, 284 (2017). Under Article 10 of the Hague Convention, service through "postal channels" is permitted "[p]rovided the State of destination does not object." *Id.*; Hague Convention, Art. 10(a). Hong Kong does not oppose Article 10(a). *See Fox Shiver, LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A to Compl.*, No. 23-CV-1898, 2023 WL 4373308,

4

service would satisfy due process or are "reasonably calculated, under all the circumstances, to apprise [defendants] of the pendency of the action and afford them an opportunity to present [their] objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); *see CKR Law*, 525 F. Supp. 3d at 524-25; *Grp. One*, 523 F. Supp. 3d at 344.

B.    Analysis

Here, plaintiffs seek to serve defendants So and overHere Limited by emailing the Amended Complaint to defendants' email addresses. However, plaintiffs have not even attempted to make a showing that their proposed means of service are reasonably calculated to provide notice to defendants. Service by electronic means (via email or X.com account) may comport with due process "where a plaintiff demonstrates that the email is likely to reach the defendant." *CKR Law*, 525 F. Supp. 3d at 525 (quoting *Convergen Energy LLC v. Brooks*, No. 20-CV-3746, 2020 WL 4038353, at *4 (S.D.N.Y. July 17, 2020)). "[I]n those cases where service by email has been judicially approved, the movant supplied the Court with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address." *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, 66 F. Supp. 3d 385, 391

---

at *2 (S.D.N.Y. Apr. 25, 2023); *Henry Haining Zhang v. Kon Ki Lo*, No. 14-CV-6945, 2020 WL 2133163, at *7 (S.D.N.Y. May 5, 2020) (explaining the differences in application of the Hague Convention in China and Hong Kong, and concluding that service of process by mail is lawful in Hong Kong). In addition, service by mail is "authorized under otherwise-applicable law" -- Rule 4(f) authorizes any other means of service as long as it is not prohibited by international agreement. Thus, both conditions are met. *See CKR Law LLP v. Anderson Investments Int'l, LLC*, 525 F. Supp. 3d 518, 526 (S.D.N.Y. 2021); *Altos Hornos de Mexico, S.A.B. de C.V. v. Rock Res. Ltd.*, No. 15-CV-1671, 2015 WL 6437384, at *2 (S.D.N.Y. Oct. 19, 2015).

Email service is authorized if the signatory country has not explicitly objected to service by electronic means. *Smart Study*, 2025 WL 3672740, at *5 (finding that email is included within Article 10(a)); *Grp. One*, 523 F. Supp. 3d at 343 (finding court acting under Rule 4(f)(3) remains free to order alternative means of service like email which is not specifically referenced in Article [10] like postal mail). Since Hong Kong has not objected, service by email in Hong Kong is not prohibited by international agreement. *See Fox Shiver*, 2023 WL 4373308, at *2.

5

(S.D.N.Y. 2014) (quoting *Fortunato v. Chase Bank USA, N.A.*, No. 11-CV-6608, 2012 WL 2086950, at *2 (S.D.N.Y. June 7, 2012)), *adhered to on recons.*, 2015 WL 998455 (S.D.N.Y. Mar. 5, 2015).

In contrast, here, plaintiffs have not identified the email addresses that they propose using nor have they provided any basis for the Court to find that defendants maintain the email addresses or are likely to receive information transmitted to those addresses. *See CKR Law*, 525 F. Supp. 3d at 525 (denying leave to serve by email); *Ehrenfeld v. Salim a Bin Mahfouz*, No. 04-CV-9641, 2005 WL 696769, at *3 (S.D.N.Y. Mar. 23, 2005) (plaintiff "provided no information that would [have led] the [c]ourt to conclude that [the] [d]efendant maintain[ed] the website, monitor[ed] the email address, or would be likely to receive information transmitted to the email address"). Similarly, plaintiffs have not provided any information about overHere's use of its X account. Based on the record before this Court, plaintiffs have failed to establish that the proposed methods of service satisfy the due process requirement. *See, e.g., Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 379 (S.D.N.Y. 2018) (authorizing service via email where defendants regularly communicated through an email address associated with their e-Bay and PayPal accounts); *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015) (authorizing service via email where the email address was "listed prominently" on the defendant's website); *Philip Morris USA Inc. v. Veles Ltd.*, No. 06-CV-2988, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (authorizing service via email where defendants conducted business almost exclusively via the internet and corresponded regularly through email).

In addition, plaintiffs propose "as supplemental notice, not primary service," sending process by Federal Express international courier to the Hong Kong business-registration address where plaintiffs were unable to serve defendants previously. *See* Pl. Mem. at 6. As described in

counsel's declaration, however, the registered location for overHere was occupied by an entirely different company, overHere was not present in that building and the entity was unknown to the individuals who spoke to the process server.  Burwick Decl. ¶¶ 8-10, 12-13.  Moreover, the process server was informed on two separate occasions when he visited the location that defendant So "was not in."  Affirmation of Non-service ¶¶ 3-4, Dkt. 31-1 in No. 24-cv-8650.  Since it appears that overHere Limited is not present at that location, the Court has no basis to find that alternative service at that location is reasonably calculated to provide notice to the corporate defendant.  *See CKR Law*, 525 F. Supp. 3d at 525 (denying service by mail at address where delivery was unsuccessful).  As to defendant So, there is insufficient information to find that he is likely to receive documents at that address based on the ambiguous statement that So "was not in."

## II.    Motion for Extension of Time to Serve

Finally, the Court grants plaintiffs' request for an additional 90 days to effect service.  Rule 4(m) provides, in pertinent part, that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  However, Rule 4(m)'s time limit for completing service does not apply to service in a foreign country under Rule 4(f).  *See id.*; *Falvey Cargo Underwriting Ltd. v. Zim Integrated Shipping Servs. Ltd.*, No. 19-CV-11495, 2023 WL 8716888, at *6 (S.D.N.Y. Nov. 30, 2023), *report and recommendation adopted*, 2024 WL 3373368 (S.D.N.Y. July 11, 2024).

**Conclusion**

For the reasons stated above, this Court denies without prejudice plaintiffs' motion for alternative service.  The Court grants plaintiffs' request for a 90-day extension of time until **April 6, 2026** to serve defendants.

**SO ORDERED.**

Dated: Brooklyn, New York
January 5, 2026

s/ James R. Cho
James R. Cho
United States Magistrate Judge
